**GLENNIS HERNDON, alias GEORGIA BOY v. STATE OF FLORIDA**

29 So. (2nd) 626                          January Term, 1947
March 21, 1947                            Special Division B
Rehearing denied April 10, 1947

*Meritt & Newberry,* for appellant.

*J. Tom Watson,* Attorney General and *Ernest W. Welsh,* Special Assistant Attorney General, for appellee.

BUFORD, J.:

The appeal brings for review judgment of conviction of manslaughter under an information charging that the defendant "Did unlawfully and feloniously, by an act imminently dangerous to another, and evincing a depraved mind, regardless of human life, kill and murder Clayton Warren, Jr., by assaulting and beating him with his hands and fists and by choking him with a necktie".

Appellant poses one question which is, "Is the evidence sufficient to sustain a conviction?"

The record shows by uncontradicted evidence that the defendant and the deceased engaged in a fight in which the deceased was badly beaten up; that finally defendant knocked

deceased down (there is some dispute as to how he fell) and he did not get up. There is some evidence to the effect that the defendant bent over the deceased after he knocked him down the last time and (to quote the language of the witness) "pumped his shoulders up and down a few times". Other people appeared on the scene but no one except defendant himself touched the deceased until the body was taken up to be carried to the mortuary. The funeral director and embalmer moved the body from the ground to the ambulance and he testified that before he moved the body of deceased he observed that the necktie of deceased was drawn so tightly about his neck that his neck was corded and swollen and he could not slip the tie loose. After he arrived at the funeral home he again tried to remove the tie, could not move it and cut it off with a pair of scissors. The doctor testified that deceased came to his death by being choked with something around his neck which caused cerebral anemia, which the doctor explained was caused by cutting off the blood supply going to the brain and draining the blood from the brain, with the result that practically no blood remained in the blood vessels supplying the brain. The doctor also testified that such condition would be brought about by encircling the neck tightly with something like a string or necktie.

So the evidence is sufficient to show beyond any reasonable doubt that deceased came to his death by having a necktie drawn so tightly about his neck as to cut off the flow of blood from the body to the head.

The evidence also shows, as above stated, that no one except the defendant touched the deceased between the time when the fight started and the time when the deceased was discovered to be dead.

From these circumstances the only reasonable hypothesis to be deduced is that the defendant, either during the fight or after the deceased was knocked down on the ground the last time, pulled the neck tie so tightly about his neck as to cause his death.

Under the facts proven the jury was warranted in reaching a verdict finding the defendant guilty of unlawful homicide.

The evidence was ample to have sustained the verdict of guilty of murder in the second degree.

So the judgment should be, and is, affirmed.

THOMAS, C.J., ADAMS, J., and SANDLER, Associate Justice concur.